DAVID A. HUBBERT
Deputy Assistant Attorney General

GOKCE T. YUREKLI
BEATRIZ T. SAIZ
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Tel: (202) 598-0581
Fax: (202) 514-6866
Gokce.T.Yurekli@usdoj.gov
Beatriz.T.Saiz@usdoj.gov
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| CLAUDE JEAN-MARIE and,<br>UMS FAST REFUND CORP., | ) Case No. 2:22-cv-2300<br>)<br>) |
| Defendants. | )<br>) |

### COMPLAINT

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States of America, brings this suit to permanently enjoin the defendants, Claude Jean-Marie, UMS Fast Refund Corp., and all persons and entities in active concert or participation with them, from directly or indirectly:

  a. Preparing or filing, or assisting in the preparation or filing of any federal income tax return for any other person or entity;

  b. Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6701, *i.e.*, preparing or assisting others in the preparation of any tax form or other document to be used in connection with a material matter arising under the internal revenue laws, and which defendants know will (if so used) result in the understatement of liability;[1]

  c. Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6694 by understating taxpayers' liabilities;

  d. Engaging in any conduct or activity subject to penalty under 26 U.S.C. § 6695 by (1) failing to furnish a copy of the return to the taxpayer; (2) failing to sign the return as the preparer; and (3) negotiating a tax refund check; and

  e. Engaging in conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

This action also seeks an order, under 26 U.S.C. § 7402(a), requiring defendants to disgorge to the United States the gross receipts they have received for preparing federal tax returns making false or fraudulent claims. In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

  1. Jurisdiction exists under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. § 7407 and 7402(a).

  2. Venue is in this Court under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because during all times relevant to this complaint, Claude Jean-Marie ("Jean-Marie") and UMS Fast Refund Corp. ("UMS") prepared federal income tax returns and had their principal place of business in and around Orange, New Jersey, within this judicial district.

---

[1] Unless otherwise indicated, all references to "section" are to Title 26 of the United States Code (the Internal Revenue Code, or "Code"), and all references to "Treas. Reg." or "regulations" are to the Treasury Regulations promulgated under that title.

### Defendants

3. Defendant Jean-Marie resides in Livingston, New Jersey.

4. Defendant UMS is a tax return preparation business owned and operated by Jean-Marie.

### Jean-Marie Has Repeatedly Prepared False and Fraudulent Federal Income Tax Returns

5. Jean-Marie prepared numerous federal income tax returns which willfully understated his customers' federal income tax liabilities and claimed inflated tax refunds for them through a variety of schemes.

6. More specifically, Jean-Marie prepared false and fraudulent federal income tax returns for his customers' that:

   a. utilized a false Schedule A to reduce taxable income;

   b. claimed non-existent employee business expenses; and

   c. used incorrect filing statuses.

### IRS Investigation of Jean-Marie

7. The IRS has investigated and penalized Jean-Marie in the past for filing returns that do not comply with the Internal Revenue Code.

8. In 2013 and 2014, the IRS sent warning letters to Jean-Marie about possible inaccurate Earned Income Tax Credit (EITC) returns.

9. In 2012 and 2016, Jean-Marie was penalized for failure to be diligent in determining taxpayer eligibility for EITC credits.

10. Since that time, the IRS estimates that Jean-Marie prepared and filed over 2500 income tax returns for the tax years 2017 to 2020, and continues to prepare returns today.

**Unauthorized Filing of Return**

11.     Jean-Marie prepared and filed a return without the authorization of a taxpayer, identified in this complaint as "Customer 1."[2]  Customer 1 filed a complaint with the IRS against Jean-Marie for filing the unauthorized tax return and for keeping a portion of her refund.

**Jean-Marie Prepared and Filed Returns That Utilized
False Schedules and Itemized Deductions**

12.     Jean-Marie prepared tax returns that inflated his customers' itemized deductions on Schedule A.  Schedule A is an IRS form included with an income tax return on which taxpayers list claimed itemized deductions.  Reporting more itemized deductions allows a taxpayer to reduce his or her taxable income, and therefore, potentially reduce the amount of income tax owed or increase the amount of any refund that may be due the taxpayer.

13.     For example, Jean-Marie prepared a tax return for Customer 3 claiming deductions of expenses related to 17,580 and 15,420 business miles in consecutive tax years.  Customer 3 explained to the IRS she never showed Jean-Marie any mileage documents.

14.     Jean-Marie prepared a tax return for Customer 7 that claimed a deduction for an expense related to 185,730 in business miles.  The customer told the IRS employee he used the company's truck to drive to work and was very upset with Jean-Marie when he saw inflated mileage on his return.

15.     For Customer 10, Jean-Marie claimed a deduction of expenses related to business miles even though the customer had not driven for more than twenty years and uses public transportation.

---

[2]     The taxpayers referred to in this complaint are identified only by a number, which range from Customer 1 to Customer 13.

16. For Customers 11 and 12, Jean-Marie claimed deductions of expenses related to business miles despite the customers never showing any documentation to Jean-Marie.

**Jean-Marie Prepared and Filed Returns That Overstated Charitable Contributions**

17. Jean-Marie repeatedly and continually fraudulently claimed charitable contribution deductions on behalf of his customers to reduce his customers' tax liabilities or generate inflated refunds for them.

18. For example, Jean-Marie prepared tax return for Customer 3 that improperly claimed charitable contributions of $3,276 and $4,258 in consecutive tax years despite the Customer's inability to failure to provide any documents.

19. Jean-Marie prepared a tax return for Customer 4 that improperly claimed charitable contributions of $1,058 in two consecutive tax years. When asked, the customer told an IRS employee she donated only $5 to two charity organizations.

**Jean-Marie Prepared and Filed Returns That
Claimed False and Fraudulent Employee Business Expenses**

20. Jean-Marie prepared returns for his customers that included false and fraudulent claims for employee business expenses, which resulted in understatements of tax liabilities and inflated tax refunds.

21. Jean-Marie prepared tax returns for Customer 2, Customer 4, Customer 5, Customer 8, Customer 9, Customer 12, and Customer 13 that claimed unreimbursed employee business expenses. When asked, the customers told the IRS employee they were not sure how Jean-Marie arrived at the numbers.

**Jean-Marie Prepared and Filed Returns That Utilized False and Incorrect Filing Statuses**

22. Jean-Marie repeatedly prepared and filed tax returns that utilized a false filing status, which resulted in understatements of tax liabilities and excessive tax refunds.

23. Jean-Marie prepared a tax return for Customer 6 that elected head of household status for her son. Customer 6 was not eligible to elect head of household status on that tax return because her son supported himself and did not live with her.

24. Jean-Marie prepared a tax return for Customer 7 that elected the head of household status. Customer 7 was not eligible to elect head of household status on that tax return because he was legally married.

25. Jean-Marie prepared a tax return for Customer 10 that elected head of household status. Customer 10 was not eligible to elect head of household status on that tax return because the alleged additional household member required for head of household status, Customer 10's daughter, was independent and did not live with Customer 10.

26. Jean-Marie prepared a tax return for Customer 11 that elected head of household status. Customer 11 was not eligible to elect head of household status on that tax return because the alleged additional household member required for head of household status, Customer 11's his nephew, was independent and did not live with Customer 11.

**Harm to United States of America**

27. Jean-Marie's preparation of tax returns claims harms the United States Treasury because he prepares false or fraudulent tax returns that understate his customers' correct income tax liabilities and illegally cause customers to incorrectly report their federal tax liabilities and underpay their taxes.

28. Jean-Marie's unlawful practices further harm the United States because the IRS must devote its resources to investigating his activities.

29. Jean-Marie's illegal conduct also harms honest tax return preparers because, by preparing tax returns that unlawfully inflate their customers' refunds, Jean-Marie gains a competitive advantage over tax return preparers who prepare returns in accordance with the law. Customers who are satisfied with the tax refunds they receive but are often unaware of Jean-Marie's illegal return preparation practices frequently return to him for subsequent tax seasons, further harming the United States, his customers, and return preparers who do not engage in improper practices.

30. In addition to the direct harm caused by preparing tax returns that understate customers' tax liabilities and/or overstate their refunds, Jean-Marie's activities undermine confidence in the federal tax system. Jean-Marie's activities also encourage noncompliance with the internal revenue laws by failing to confirm with his customers that their returns honestly and accurately reflected the information they provided.

## COUNT I
### Injunction Under 26 U.S.C. § 7407

31. Under § 7407, Congress has authorized the United States of America to seek an injunction against any tax preparer who, among other things, has engaged in any conduct subject to penalty under §§ 6694 or 6695. Additionally, if the court finds that a preparer has continually or repeatedly engaged in such conduct, and the court further finds that a narrower injunction (i.e. prohibiting only that specific enumerated conduct) would not be sufficient to prevent that person's interference with the proper administration of the internal revenue laws, the court may

enjoin the person from further acting as a tax return preparer. The prohibited conduct justifying an injunction includes but is not limited to the following:

    a. Engaging in conduct subject to penalty under 26 U.S.C. § 6694(a), which penalizes a tax return preparer who prepares a tax return that understates the taxpayer's liability by taking an unreasonable position (*i.e.*, one for which there is no substantial authority) on the return, and where the preparer knew or should have known that the position was unreasonable.

    b. Engaging in conduct subject to penalty under 26 U.S.C. § 6694(b), which penalizes a tax return preparer who prepares a tax return or claim that constitutes: (1) a willful attempt to understate the liability; or (2) evidences a reckless and intentional disregard of tax rules or regulations.

    c. Engaging in conduct subject to penalty under 26 U.S.C. § 6695(g), which penalizes a tax return preparer who fails to exercise diligence in determining the eligibility of a taxpayer for the EITC.

32. Jean-Marie individually and through his company UMS, has continually and repeatedly engaged in conduct subject to an injunction under 26 U.S.C. § 7407. Such conduct includes:

    a. Continual and repeated fabrication of income, expenses, and credits;

    b. Continual and repeated disregard of tax rules and regulations; and,

    c. Continual and repeated failure to comply with the due diligence requirements with respect to determining his customers' eligibility to file as a head of household and eligibility for, or the amount of, the EITC.

33. Because Jean-Marie and UMS are likely to continue preparing federal tax returns for customers that enable those customers to receive greater refunds than they are legitimately entitled to receive, injunctive relief is necessary to prevent the defendants' continued misconduct and loss of federal tax revenue.

34. Accordingly, Jean-Marie and UMS should be permanently enjoined under § 7407 from acting as an income tax preparer and/or assisting in the preparation of federal income tax

returns because a more limited injunction would be insufficient to stop his interference with the proper administration of the tax laws.

## COUNT II
### Injunction Under 26 U.S.C § 7402(a)

35. Section 7402(a) authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

36. Jean-Marie and UMS, through the actions described above, engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

37. Unless enjoined, Jean-Marie and UMS are likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws.

38. If Jean-Marie and UMS are not enjoined from engaging in fraudulent and deceptive conduct, the United States of America will suffer irreparable injury as a result of the understatement of their customers' federal tax liabilities and through the wrongful issuance of federal income tax refunds to individuals not entitled to receive them.

39. Enjoining Jean-Marie and UMS is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop Jean-Marie's and UMS's illegal conduct and the harm it causes the United States of America and its citizens.

40. Therefore, the Court should impose injunctive relief under § 7402(a).

## COUNT III
### Disgorgement under 26 U.S.C. § 7402(a)

46. Defendants' conduct substantially interferes with the enforcement of the internal revenue laws. They have caused the United States to issue tax refunds to individuals not entitled to receive them and have caused the United States to lose tax revenues. But for

defendants' conduct, the United States would not have issued these incorrect refunds or lost these tax revenues.

47. Defendants have unjustly profited from their misconduct at the expense of the United States.

48. Defendants are not entitled to the ill-gotten gains from their misconduct.

49. Using its broad authority under § 7402(a), the Court should enter an order requiring defendants to disgorge to the United States the receipts (in the form of fees earned by engaging in fraudulent conduct) they have received for preparing federal tax returns that make grossly incompetent, negligent, reckless, and/or fraudulent claims.

## Prayer for Relief

WHEREFORE, the United States of America prays for the following:

A. That the Court find that Claude Jean-Marie, as a return preparer who operated and continues to operate UMS Fast Refund Corp., continually and repeatedly engaged in conduct subject to penalty under §§ 6694 and 6695; that injunctive relief under 26 U.S.C. § 7407 is appropriate to prevent the recurrence of such conduct; and that a narrower injunction prohibiting only specific misconduct would be insufficient to prevent the defendant's interference with the proper administration of the internal revenue laws;

B. That the Court find that Jean-Marie, through his company UMS, engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and § 7402(a);

C. That the Court, pursuant to §§ 7402(a) and 7407, enter a permanent injunction prohibiting Jean-Marie and UMS, and all those in active concert or participation with them, from:

  a. Acting as federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than themselves;

  b. Advising, assisting, counseling, or instructing anyone about the preparation of a federal income tax return;

  c. Engaging in any other activity subject to penalty under §§ 6694, 6695, 6701, or any other penalty provision of the Internal Revenue Code;

  d. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

  e. Representing, or appearing on behalf of, any person before the Internal Revenue Service; and

  f. Otherwise engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

D. That the Court, pursuant to enter an order requiring Jean-Marie and UMS to contact, at their own expense, within 30 days of this Court's order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom they prepared or assisted in preparing federal tax returns, to inform them of the permanent injunction entered against them;

E. That the Court enter an order requiring Jean-Marie and UMS to produce to counsel for the United States of America, within 30 days of this Court's order, a list that identifies by name, Social Security number, address, e-mail address,

telephone number, and tax period(s), all persons for whom they prepared, or assisted in preparing, federal tax returns;

F. That the Court retains jurisdiction over Jean-Marie and UMS and over this action to enforce any permanent injunction entered;

G. That the United States of America be entitled to conduct discovery to monitor Jean-Marie's and UMS' compliance with the terms of any permanent injunction entered against him;

H. Enter an Order, pursuant to 26 U.S.C. § 7402(a), requiring defendants to disgorge to the United States the gross receipts (the amount of which is to be determined by the Court) that they received in the form of fees paid by customers for the preparation of tax returns that make or report false or fraudulent claims, deductions, credits, income, expenses, or other information that results inthe understatement of taxes; and

I. That the Court grants the United States of America such other and further relief, including costs, as is just and reasonable.

[*signature line on next page*]

| | |
|---|---|
| Dated: April 20, 2022 | DAVID A. HUBBERT<br>Deputy Assistant Attorney General<br><br>/s/ Gokce T. Yurekli<br>GOKCE T. YUREKLI<br>BEATRIZ T. SAIZ<br>Trial Attorneys, Tax Division<br>U.S. Department of Justice<br>P.O. Box 227<br>Washington, D.C. 20044<br>Tel: (202) 598-0581<br>Fax: (202) 514-6866<br>Gokce.T.Yurekli@usdoj.gov<br>Beatriz.T.Saiz@usdoj.gov<br>*Attorneys for the United States of America* |

## DESIGNATION UNDER LOCAL RULE OF CIVIL PROCEDURE 101.1(f)

In accordance with Local Rule of Civil Procedure 101.1(f), the undersigned hereby designate the United States Attorney for the District of New Jersey to receive service of all notices or papers in this action at the following address:

>   Chief, Civil Division
>   United States Attorney's Office
>   District of New Jersey
>   970 Broad Street, Ste. 700
>   Newark, New Jersey 07102

>   /s/ Gokce T. Yurekli
>   GOKCE T. YUREKLI
>   BEATRIZ T. SAIZ
>   Trial Attorneys, Tax Division
>   U.S. Department of Justice

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I certify that the matter in controversy alleged in the foregoing Complaint is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

>   /s/ Gokce T. Yurekli
>   GOKCE T. YUREKLI
>   BEATRIZ T. SAIZ
>   Trial Attorneys, Tax Division
>   U.S. Department of Justice