IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 2:22-cv-2300 |
| CLAUDE JEAN-MARIE and, | ) | |
| UMS FAST REFUND CORP., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**UNITED STATES' MOTION FOR RULE 37 SANCTION AGAINST
CLAUDE JEAN-MARIE AND UMS FAST REFUND CORP.**

Plaintiff United States of America respectfully moves for an order for sanctions under
Fed. R. Civ. P. 37 against Defendants Claude Jean-Marie ("Jean-Marie") and UMS Fast Refund
Corp. ("UMS") for failure to respond to discovery requests, despite a court order compelling a
response and several attempts by the United States to secure a response. As a sanction, the
United States seeks the entry of default judgments against Jean-Marie and UMS.

**Factual Background**

1.      Pursuant to the Pretrial Scheduling Order, the parties were required to serve Fed.
R. Civ. P. 26 initial disclosures by April 12, 2023, and interrogatories and requests for
production of documents by May 1, 2023. (Doc. 19). The parties by e-mail agreed to extend
these two deadlines to May 15, 2023.

2.      On March 27, 2023, the United States timely served Defendants with its initial
disclosures.

3.      On May 12, 2023, the United States timely served Defendants with its first set of
interrogatories and first request for production of documents. Defendants' responses were due on

June 12, 2023. *See* Fed. R. Civ. P. 33(b)(2) (responses to interrogatories due 30 days after service of request); Fed. R. Civ. P. 34(b)(2)(A) (response to request for production of documents due 30 days after service of request).

4.      Defendants failed to respond to either the interrogatories or the request for production, and failed to make their initial disclosures.

5.      The United States sent emails and one formal letter dated May 26, 2023 reminding Defendants to submit their disclosures and respond to above discovery requests, but to no avail. (*See* Doc. 22, Ex. A).

6.      During the June 29, 2023 status conference, Defendants asked for an extension, which was granted in the Court's Amended Scheduling Order. (Doc. 21). The Court ordered Defendants to serve initial disclosures, discovery responses, and discovery requests by July 10, 2023. (*Id.*)

7.      Defendants failed to comply with the June 29, 2023 order, above.

8.      The United States sent two emails to Defendants on July 12, 2023 and August 9, 2023 reminding Defendants to submit their disclosures and discovery responses. (Doc. 22, Ex. B). After each email, Defendants' counsel ensured he would submit discovery by next business day. (*Id.*). As of today, Defendants have yet to produce a single document or any response to the United States's set of interrogatories.

9.      The United States submitted a letter to the Court explaining above. (Doc. 22).

10.     In an order entered on October 11, 2023, the Court ordered:

> Defendants must serve on the Government, not later than October 25, 2023, their Rule 26 disclosures and all responses to the Government's discovery requests. On October 25, 2023, Defense counsel shall file a certification on the docket, attesting that Defendants have complied with this Order. Failure to comply may

result in the imposition of sanctions pursuant to Federal Rules of
Civil Procedure 16(f) and 37.

(ECF. No. 23).

11.        Defendants failed to comply with the Court's October 11, 2023 order, above.

## Argument

This Court should enter default judgment against Defendants for their disregard of the

Court's October 11, 2023 order, as well as the Federal Rules of Civil Procedure. Sanctions are

appropriate under either Rule 37(b)(2) or Rule 37(d).

Rule 37(b)(2) provides for sanctions when a party fails to respond to a discovery order

from the court. In such instances, the court may impose a variety of sanctions, including

dismissing the claim or claims, entering a default judgment, or treating the party's actions as

contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i–vii).

Rule 37(d) provides for sanctions when "a party, after being properly served with

interrogatories under Rule 33 . . . fails to serve its answers [or] objections." Fed. R. Civ. P.

37(d)(1)(A)(ii). Sanctions may include any of the ones listed in Rule 37(b)(2)(A)(i)–(vi),

including entering default judgment against the disobedient party. Fed. R. Civ. P. 37(d)(3).

When considering whether the imposition of a default judgment is appropriate under Rule

37(b)(2), courts generally weigh the six factors articulated by *Poulis v. State Farm Fire & Cas.

Co*., 747 F.2d 863, 868 (3d Cir. 1984). The factors to be weighed are: "(1) the extent of the

party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct

of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of

the claim or defense." *Id*. Not all of the factors need to weigh in favor of entering default

judgment against a defendant. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.").

 Here, the six *Poulis* factors weigh in favor of entry of default judgment against Defendants.

1. In relation to the first *Poulis* factor, i.e., the extent of the party's personal responsibility, we do not know whether Defendants personally are responsible for disregarding the Court' order or if responsibility lies with their counsel. Therefore, this factor is neutral. However, consideration of the remaining factors still compels sanctions against Defendants. *See Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co*., 843 F.2d 683, 696 (3d Cir. 1988) (holding that one factor is not controlling in the *Poulis* analysis).

2. As to the second factor, i.e., the prejudice to the adversary, Defendant's failure to communicate with either the United States or the Court has prejudiced the United States by depriving them of documents and information necessary to prove their case. *Curtis T. Bedwell & Sons*., 843 F.2d at 693 (a showing of irremediable harm is not necessary to demonstrate prejudice); *Schutter v. Herskowitz*, No. 07-3823, 2008 WL 2726921, at *16 (E.D. Pa. July 11, 2008) ("[G]iven both [defendant's] failure to provide any discovery to [plaintiff] and his subsequent failure to comply with this Court's order to do so, it is difficult to see how [p]laintiff could not have been prejudiced...."). Thus, this factor weighs in favor of entering default against Defendants.

3. Turning to the third factor, i.e., history of dilatoriness, Defendants' persistent failure to respond to discovery requests has surpassed "dilatory" and reached the point of non-compliance. Non-compliance weighs heavily in favor of entry of default judgment.

*Schutter v. Herskowitz*, No. CIV.A.07-3823, 2008 WL 2726921, at *16 (E.D. Pa. July 11, 2008) (determining that non-compliance weighed heavily in favor of sanctions).

4.  With respect to the fourth factor, i.e., whether the conduct of the party was willful or in bad faith, Defendants' disregard for the Court's October 11, 2023 order has been at least willful. Defendants ignored the order and made no effort to explain or excuse their behavior. *R.W. Sauder, Inc. v. B.F. Agricultural Acquisition*, LLC, No. 5:14-cv-00769, 2015 WL 6503385, at *4 (E.D. Pa. Oct. 28, 2015) (where defendant refused to respond to the Court's order and to communicate with counsel, defendant's conduct was found willful and in bad faith sufficient to support entry of default). Therefore, this factor weighs in favor of entering default judgment against Defendants.

5.  In relation to the fifth factor, i.e., the effectiveness of alternative sanctions, there is no other sanction that would be effective because Defendants have already ignored a previous order informing them that sanctions under Rule 37 may be entered against them if they failed to comply. *Chimenti v. Kimber*, Civil No. 3:CV–01–0273, 2010 WL 26500506, at *3 (M.D. Pa. July 1, 2010) ("Entry of default is the only meaningful remedy available to sanction a party who deliberately fails to defend an action."); *Plumbers Union Loc. No. 690 v. F.P.S. Plumbing, Inc.*, No. CIV.A.08-4271, 2009 WL 2591153, at *4 (E.D. Pa. Aug. 20, 2009) (finding the fifth factor satisfied when defendants made no effort to explain their conduct and ignored a court order informing that default judgment would be entered if they failed to comply).

6.  Lastly, with respect to the sixth factor, i.e., the meritoriousness of the claim or defense, the United States alleged sufficient facts on the complaint to plausibly state an injunction claim. The complaint alleges IRS interviewed Defendants' clients and found that

Defendants repeatedly prepared and filed false or fraudulent tax returns. Defendants filed an answering denying some of the factual allegations but have not proffered support for their denials or expounded upon their defenses. *See Opta Sys., LLC v. Daewoo Electronics Am.*, 483 F.Supp.2d 400, 406-07 (D.N.J. 2007) (determining that sixth *Poulis* factor was satisfied after review of the claims). Thus, this factor weighs in favor of entry of default judgment.

In sum, the *Poulis* factors weigh in favor of entry of default judgment against Defendants. It is evident from Defendants' conduct that they do not intend to participate in this case, cooperate with the United States, or abide by this Court's orders. Accordingly, this Court should enter default judgment against Defendants Claude Jean-Marie and UMS Fast Refund Corp. A proposed order is attached.


Dated: November 30, 2023                     DAVID A. HUBBERT
                                             Deputy Assistant Attorney General

                                             /s/ Gokce T. Yurekli
                                             GOKCE T. YUREKLI
                                             BEATRIZ T. SAIZ
                                             Trial Attorneys, Tax Division
                                             U.S. Department of Justice
                                             P.O. Box 227
                                             Washington, D.C. 20044
                                             Tel: (202) 598-0581
                                             Fax: (202) 514-6866
                                             Gokce.T.Yurekli@usdoj.gov
                                             Beatriz.T.Saiz@usdoj.gov
                                             *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered to receive notice.

BELIZAIRE & ASSOCIATES P.A.
Landry Belizaire, Esquire
State Bar ID No. 018121999
2 Broad Street, Suite 505
Bloomfield, New Jersey 07003
Tel: (973) 748-0808; Fax: (973) 748-3949
Email: LB@BELIZAIRELAW.COM
*Attorney for Defendants*

> /s/ Gokce T. Yurekli
> GOKCE T. YUREKLI
> Trial Attorney, Tax Division
> U.S. Department of Justice