IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CLAUDE JEAN-MARIE and, UMS FAST REFUND CORP., | ) )  Case No. 2:22-cv-2300 ) ) |
| Defendants. | ) ) |

**ORDER AND JUDGMENT OF PERMANENT INJUNCTION**

The Court, through the powers afforded to it under 28 U.S.C. §§ 1340 and 1345; 26 U.S.C. §§ 7402 and 7407; and Fed. R. Civ. P. 37 enters this judgment against Defendants Claude Jean-Marie ("Jean-Marie") and UMS Fast Refund Corp. ("UMS"). It is accordingly ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction over the subject matter of this case and Defendants under 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345;

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b);

3. The Court finds that Jean-Marie, as a return preparer who operated and continues to operate UMS, continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6695; that injunctive relief under 26 U.S.C. § 7407 is appropriate to prevent the recurrence of such conduct; and that a narrower injunction prohibiting only specific misconduct would be insufficient to prevent Defendant's interference with the proper administration of the internal revenue laws;

4. The Court finds that Jean-Marie, through his company UMS, engaged in conduct that interferes with the enforcement of the internal revenue laws, and that injunctive relief is

appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and § 7402(a);

    5.      The Court, pursuant to 26 U.S.C. §§ 7402 (a) and 7407, enters a permanent injunction prohibiting Jean-Marie and UMS, and all those in active concert or participation with them, from:

        a. Acting as federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person other than themselves;

        b. Advising, assisting, counseling, or instructing anyone concerning the preparation of a federal tax return;

        c. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701 or any other penalty provision in the Internal Revenue Code;

        d. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

        e. Representing, or appearing on behalf of, any person before the Internal Revenue Service; and

        f. Otherwise engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

    6.      This Court, pursuant to 26 U.S.C. §§ 7402(a) and 7407, enters a permanent injunction requiring Jean-Marie and UMS at their own expense, within 30 days of this Court's order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom they prepared or assisted in preparing federal tax returns, to inform them of the permanent injunction entered against them;

7. This Court enters a permanent injunction requiring Jean-Marie and UMS to provide the United States, within 30 calendar days of entry of the permanent injunction, a list that identifies by name, Social Security number, address, e-mail address, telephone number, and tax period(s), all persons for whom they prepared, or assisted in preparing, federal tax returns;

8. The Court retains jurisdiction over Jean-Marie and UMS and over this action to enforce any permanent injunction entered;

9. This Court authorizes the United States to take post-judgment discovery to ensure compliance with the Court's injunction.

SO ORDERED this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE